# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JONAH O. ELKINS JR.,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1208** (BOR Appeal No. 2046999)
(Claim No. 2000012868)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PARAGON CONSTRUCTION & RECLAMATION COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonah O. Elkins Jr., by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 17, 2012, in which the Board reversed a February 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 20, 2011, decision denying authorization for cervical epidural injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Elkins worked as a foreman for Paragon Construction & Reclamation Company. On August 17, 1999, Mr. Elkins fell off the step of an eighteen-wheeler onto the ground injuring his neck. Following the injury, M. Jerry Day, M.D., treated Mr. Elkins. Dr. Day found that a December 19, 1999, MRI showed disc bulges at C3-4, C4-5, and C5-6 and some radicular pain on the right at C6-7, which Dr. Day related to his compensable injury. Several years later, on April 15, 2010, a second cervical MRI scan was taken which revealed degenerative changes and multiple small disc protrusions. Richard G. Bowman II, M.D., then diagnosed Mr. Elkins with brachial neuritis and cervical radiculitis associated with disc protrusions at C4-5, C5-6, and C6-7. Dr. Bowman also requested cervical epidural steroid injections which he believed was related to Mr. Elkins's August 17, 1999, injury. On September 20, 2011, the claims administrator denied authorization for cervical epidural injections. On February 9, 2012, the Office of Judges reversed the claims administrator's decision and authorized the requested treatment. The Board of Review reversed the Order of the Office of Judges on September 17, 2012, and reinstated the claims administrator's denial of cervical epidural injections, leading Mr. Elkins to appeal.

The Office of Judges concluded that the request from Dr. Bowman for cervical epidural injections constituted reasonable medical treatment for the compensable injury. The Office of Judges based this conclusion on the treatment notes of Dr. Bowman. It found that Dr. Bowman's diagnosis of radiculopathy was consistent with Dr. Day's finding that Mr. Elkins had neck pain with radiation to the proximal right upper extremity. The Office of Judges found that Dr. Day related these symptoms to the compensable fall. The Office of Judges determined that the most recent MRI revealed multiple small disc protrusions which were consistent with cervical radiculopathy.

The Board of Review concluded that the Office of Judges was clearly wrong and that the requested cervical epidural injections were not medically related or reasonably necessary to treat Mr. Elkins's compensable injury. The Board of Review found that there was no evidence in the record supporting a finding that radiculopathy or brachial neuritis were compensable components of the claim.

The decision of the Board of Review was based on a material mischaracterization of the evidentiary record. There is a limited record in this case. However, the evidence is sufficient to justify the Office of Judges' conclusion that the requested cervical epidural steroid injections were medically related and reasonably required to treat the compensable injury. Dr. Day's treatment notes provide the earliest medical evidence of the compensable injury, and his notes indicate that Mr. Elkins's symptoms from the date of the injury included cervical radiculopathy. Dr. Bowman's request lists cervical radiculopathy as a symptom which is causally connected to Mr. Elkins's compensable injury. Dr. Bowman also related the requested injections to his compensable symptoms. Mr. Elkins's symptoms at the time of Dr. Bowman's evaluation are sufficiently similar to his symptoms immediately following the injury, as reported by Dr. Day, to show that the cervical injections are related to the compensable neck injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of particular components of the evidentiary

2

record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the February 9, 2012, Order of the Office of Judges authorizing cervical epidural injections.

Reversed and Remanded.

**ISSUED:  April 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3